IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BENJAMIN ALLEN PADILLA and | § | CASE NO. 04-42708-H2-13 |
| DENISE YVONNE PADILLA | § | |

**MEMORANDUM OPINION AND
ORDER DENYING OBJECTION TO CLAIM (doc # 94)
<u>WITHOUT PREJUDICE</u>**

Carol Kershaw filed proof of claim #7 in this bankruptcy case asserting an unsecured, nonpriority claim of $3,029.00. Attached to the proof of claim is a detailed payment history and computation of the amount due. The Debtors filed an objection (docket # 94) to claim # 7. The objection alleges (i) that the documentation is insufficient to support the claim, (ii) that the documentation fails accurately to reflect the agreement between the parties, and (iii) that the Debtors do not owe the full amount claimed because the proof of claim fails to give credit for payments made. Attached to the objection is a declaration under penalty of perjury that "Carol Kershaw agreed to charge a lower fee per visit and it does not appear that she has credited all payments made on the account."

Carol Kershaw did not file a response to the objection filed by the Debtors. The objection to claim was set for hearing on September 29, 2005, along with a number of other objections to claims filed by the Debtors. When the matter was called for hearing, Debtors' counsel announced that Carol Kershaw had communicated with counsel and had provided additional documentation, but that the Debtor had not had time to review the additional documentation. Counsel declined the Court's suggestion of a continuance, and counsel presented his case in support of the objection to claim.

The only witness was Denise Padilla, one of the Debtors. She acknowledged that she owed money to Carol Kershaw, *i.e.* that Carol Kershaw had a valid claim. She testified that she thought that the debt was less than $3,029.00 because she thought that the creditor had not allowed all payment credits. She further testified that she did not have present knowledge of the details of the alleged uncredited payments but might have records to which she could refer later; at the hearing she could only speculate on the amount owed. Ms. Padilla speculated that the debt was $800 to $1,000 less than the amount claimed.

The Debtors offered no evidence in support of their allegations that that the documentation is insufficient to support the claim, that the documentation fails accurately to reflect the agreement between the parties, or that Carol Kershaw agreed to charge a lower fee per visit.

Debtors' counsel asked the Court either to "estimate" the claim at $2,000 or to allow the Debtors to review the documentation supplied by the creditor and to submit a proposed form of order after the hearing, determining the claim to be the amount that the Debtor considered correct after reviewing the additional information. The Court declined those alternatives and declined to sustain the objection to claim.

The objection to claim is denied for the following reasons.

The Debtors (Mrs. Padilla in testimony) admitted that there was a valid debt. No specific evidence of uncredited payments was presented and no evidence was presented to establish the claim at a specific amount different from what was calculated in the attachments to the proof of claim. Mrs. Padilla's testimony about there being additional uncredited payments was vague and unconvincing.

Bankruptcy Code § 502(a) provides that a claim is deemed allowed unless a party in interest objects. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure states that "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."

> A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. 11 U.S.C. § 502(a) (1988); Bankr.Rule 3001(f), 11 U.S.C. (1988). This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. *In re Wells*, 51 B.R. 563, 566 (D.Colo.1985). To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. Id. Only then is the ultimate burden of persuasion with the proponent of the proof of claim. Id.[1]

It is not enough merely to object to the claim and demand that the creditor come forward to prove the claim. The Fifth Circuit has held consistently that the party filing the objection to claim

> ... must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim.[2]

---

[1] *In re Fullmer* 962 F.2d 1463, 1466 (10th Cir. 1992). *Fullmer* was abrogated on other issues in *Raleigh v. Illinois Dept. of Rev.* 530 U.S. 120 (2000). But the language cited appears unaffected with respect to burdens of proof that are not statutorily assigned, such as tax liability. *See Collier on Bankruptcy, 15th Ed.* ¶ 502.02[3][f], footnote 39.

[2] *In re Simmons*, 756 F.2d 547 (5th Cir. 1985) *cited with approval in Matter of Southland Corp.* 160 F.3d 1054 (5th Cir. 1998).

The Court concludes that testimony that is as vague and indefinite as Ms. Padilla's is not evidence equal in probative force to the underlying proof of claim in this case. Therefore, the *prima facie* validity of the proof of claim remains in effect and the objection to claim is denied.

While this is a final order (within the meaning of FRCP 54 and FRBP 7054) on this objection to claim, the Court notes that Bankruptcy Code § 502(j) provides that "A claim that has been allowed or disallowed may be reconsidered for cause according to the equities of the case." If, after reviewing the documentation submitted by Carol Kershaw the Debtors want to file an agreed order with the creditor, or to file another objection that is based on adequate investigation under FRBP 9011, and if the Court concludes that the equities of the case favor reconsideration, the Court may consider that objection under § 502(j).

SIGNED October 3, 2005

*Wesley W. Steen*

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE