IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BENJAMIN ALLEN PADILLA and | § | CASE NO. 04-42708-H2-13 |
| DENISE YVONNE PADILLA | § | |

**MEMORANDUM OPINION
FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
OBJECTION (doc ## 92, 96) TO FOLEY'S CLAIMS # 5 & 9,
OBJECTION (doc # 95) to DISCOVER CARD CLAIM # 8,
AND ADDITIONAL PROCEDURES FOR RESOLUTION OF
DEBTORS' OBJECTION TO PROOFS OF CLAIM (doc ## 97, 98, 100, 101)**

Debtors filed an objection to every unsecured claim in this chapter 13 case. The Court has previously resolved some of these, but seven objections to claim remain unresolved. This memorandum, together with a separate order issued this date, disposes of the objections to the claims of Foley's (claims 5 and 9) and Discover (claim 8) because they did not respond to the objection to claim and the Court can rule from the existing record. The remaining creditors (eCast and American Express, "Amex") and Debtors stated that they could submit their disputes on stipulations. However, after reviewing the stipulations, the Court concludes that the stipulations are not sufficient. In addition, subsequent to the hearing on September 29 the Court became aware of a decision from the Northern District of Texas on the issue raised in these objections: *In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005). The Court finds that opinion to be cogent, thoughtful, and compelling. In addition, uniformity between the Northern District and the Southern District of Texas will promote more effective and efficient adjudication. Therefore, the Court adopts, with clarification relevant to this case, the conclusions in *Armstrong* and issues orders accordingly.

DISCUSSION

Procedures for filing proofs of claim and for allowance of claims in consumer bankruptcy cases have their roots in an era when businesses that extended credit did so by making loans to customers or by selling goods to customers, and the creditor kept the claim until payment. That era is largely over. Not only are most consumer credit transactions effected by credit card, but when the customer files a bankruptcy proceeding, many credit card companies sell the claim to companies like eCast, which specialize in collecting claims against bankruptcy debtors. The bankruptcy rules relating to the documentation that must be filed with a proof of claim (designed for an earlier business climate) strain to function in a world in which computers handle millions of customers and billions of transactions. Creditors complain that the rules are unreasonably burdensome if they require creditors to file extensive documentation. Requiring unreasonably voluminous documentation for claims overburdens the Court's computer systems and increases litigation costs, frequently without benefit to anyone. On the other hand, Debtors complain that they have never heard of, or done business with, the creditors filing some claims and that they cannot know whether the claims are accurate. Failure to require adequate documentation invites fraud and can result in misapplication of payments, potentially harming both creditors and debtors. A practice has been developing in which some

debtors file objections to all unsecured claims. Courts have struggled to achieve the right balance.

**Prima Facie Validity of Proof of Claim**

Bankruptcy Rule 3001(f) provides that a properly filed proof of claim is *prima facie* evidence of the validity of the claim. *Armstrong* establishes guidance for what documentation is required to establish that status for a credit card debt.

**Proof of the Obligation to Pay and the Amount of the Claim**

*Armstrong* holds that the original credit card agreement need not be attached to the proof of claim. The creditor must attach the latest account statement (or the reasonable equivalent with required information), but need not attach all documents related to the claim.

> ... in order for the proof of claim to be given *prima facie* effect, the creditor must attach an account statement containing the debtor's name, account number, the prepetition account balance, interest rate, and a breakdown of the interest charges, finance charges and other fees that make up the balance of the debt, or attach enough monthly statements so that this information can be easily determined. [*Armstrong* at 106.]

The *Armstrong* requirements for supporting documentation of a proof of claim seem eminently appropriate and the Court adopts it, with the following expansion and clarification.

First, if the required documentation is attached, the effect is to merely give *prima facie* evidentiary effect to the claim. If there is a genuine dispute about any aspect of the obligation to pay, the Court will resolve that dispute through generally applicable discovery and trial procedures.

Second, in concluding that the credit card company need not attach the original written agreement that established the account, *Armstrong* relied (at least in part) on the reasoning in *In re Kemmer*, 315 B.R. 706 (Bankr. E.D. Tenn. 2004), *In re Cluff,* 313 B.R. 323 (Bankr. D. Utah 2004), and *In re Henry* 311 B.R. 813 (Bankr. W.D. Wash. 2004). The Court concludes that the reasoning is sound, and provides the following amplification.

FRBP 3001(c) provides that if a claim is based on a "writing" then the written document must be attached to the proof of claim. The definition of a "writing" is self-evident when traditional notes are involved. But the definition is more problematic with respect to credit card and other revolving accounts. Most credit card agreements provide that the issuer may change the terms and conditions virtually at whim, and the terms and conditions change frequently. Therefore, the utility of the original agreement is questionable at best. More to the point, the actual claims are based on the credit card charges, sometimes represented by paper printed by the retailer's terminals and sometimes generated electronically when sales are made over the telephone or internet. It is not clear whether "a writing" refers to the original credit card agreement or to individual charge slips. Official Form 10, the form for submitting a proof of claim, supports the *Armstrong* conclusion that attachment of the original credit card agreement is not necessary. In paragraph 7, Offical Form 10 states:

> **Supporting Documents**: *Attach copies of supporting documents*, <u>such as</u> promissory notes, purchase orders, invoices, <u>itemized statements of running accounts</u>, contracts, court judgements mortgages, security agreements, and evidence of perfection of lien ... If the documents are not available, explain. If the documents are voluminous, attach a summary. [Underscoring emphasis]

For credit card accounts, the form requires "itemized statements of running accounts" rather than the original application and agreement to open the account.

Third, FRBP 3001 does not require disclosure of interest and other charges to the account. Official Form 10 requires disclosure of the interest rate and interest, finance, and other charges if such charges are included in the total claim.[1] It is possible that such charges may not be included in the claim. If the box in block 5 of Official Form 10 is not checked, a requirement for disclosure of interest rates and other charges is not warranted.

Even more problematic is the situation in which the credit card account may have been ongoing for many years. One would expect that interest and other charges might have been imposed months, perhaps years earlier. It is likely that the Debtor may have made partial payments for months, and perhaps years previously. If the debtors carried a continuing balance for months or years, it would probably be impossible to determine what part of the "starting balance" of each credit card statement constitutes interest or other charges, and it would be impossible to determine what part of the claim that arises prior to the prepetition account statement constitutes interest and other charges. *Armstrong* holds that simply supplying the most recent monthly account statement is sufficient if it separately breaks out the interest or other charges for the billing cycle prior to the bankruptcy filing. That holding comports with FRBP 3001(a) and (f) which require substantial compliance, <u>not perfect</u> compliance with the Official Form. This Court, like *Armstrong*, concludes that providing the last account statement, or its equivalent, is sufficient. However, as noted in the comment, "First," above, discovery and trial will address any genuine disputes about interest and other charges.

## Proof of Ownership of the Account

If the claimant is a transferee, to be entitled to *prima facie* validity, the claimant must also attach (with the original proof of claim or prior to hearing) " ... a signed copy of the assignment and sufficient information to identify the original credit card account." [*In re Hughes*, 313 BR 205, 212 Bankr. E.D. Mich. 2004), cited by *Armstrong* at 106.

## Proof of Secured Status

If the creditor asserts a secured claim,

> ... the [creditor] must attach a statement or statements with information including the note, the assignment of the note, the deed of trust, and the assignment of the deed of trust, along with recording information.

---

[1] *See* the check box in paragraph 5, Official Form 10.

*Armstrong* at 107.

If security interests other than deeds of trust are involved, then the document granting the security interest and the document perfecting the security interest, *etc.* would be required.

## Claims that are not *Prima Facie* Valid

As *Armstrong* points out, proofs of claim that do not meet the foregoing requirements are not automatically disallowed, they simply are not entitled to the presumption of *prima facie* evidentiary validity. If an objection is made to such a claim, the court will hold a hearing and the burdens of proof apply as explained in *Armstrong*.

## Good Faith and Bankruptcy Code § 1325

*Armstrong* did not decide an objection to a proof of claim. Armstrong decided whether blanket objections to all unsecured claims in a chapter 13 case demonstrated lack of "good faith" sufficient to deny confirmation of a chapter 13 plan, and *Armstrong* decided whether to impose Rule 9011 sanctions against counsel for filing blanket objections in those cases.

Bankruptcy Code § 1325 requires, as an element of plan confirmation, that the plan be proposed in good faith. In *Armstrong*, the chapter 13 trustee argued that blanket objection to all unsecured claims was *per se* bad faith that precluded confirmation of the plan.

The *Armstrong* court noted that many of the claims to which the debtors objected were listed on the debtor's sworn bankruptcy schedules in amounts identical to the amounts asserted in the proof of claim. The *Armstrong* court declined to establish a *per se* rule, establishing instead an "all facts and circumstances" test under § 1325.

> By filing the schedules, the debtor makes a sworn statement or declaration under penalty of perjury to the court of the debtor's understanding of his or her debts. In turn, creditors file their proof of claims, following the requirements discussed above. Just as the debtors must deal honestly with their creditors in this process, see *Morton v. Dreyer (In re Dreyer)*, 127 B.R. 587, 593 (Bankr.N.D.Tex.1991), so too must the creditors deal honestly with their debtors. The schedules compel the debtors to forthrightly disclose their assets and liabilities. The proof of claim forms compel the creditors to forthrightly disclose the underlying support for their claims. A debtor who fails to forthrightly disclose his or her assets and liabilities faces objections to discharge by a trustee or creditor. 11 U.S.C. § 727. A creditor who fails to forthrightly disclose the underlying support for a claim faces an objection to the claim by a trustee or the debtor. Each party in interest in a bankruptcy case has the right to insist that the other parties comply with the Bankruptcy Code and the bankruptcy rules.

As held above, a proof of claim filed without the requisite documentation lacks *prima facie* validity. Yet, without an objection, the claim will be allowed. 11 U.S.C. § 502(a). Consequently, a debtor acts in good faith by objecting to a proof of claim that lacks the requisite documentation. The court cannot, therefore, in the abstract, establish per se rules for when a debtor acts in bad faith contrary to the requirement of § 1325(a)(3) by objecting to a proof of claim.

If the creditor fails to respond to the objection, the court would expect the debtor to request that the claim be disallowed. If the creditor supplies the documentation in response to the objection, the court would expect the debtor to withdraw his or her objection. If the creditor does not produce the documentation until a hearing, the creditor would have the burden of proof to establish its claim by a preponderance of the evidence.

If the creditor supplies the documentation but the debtor nevertheless pursues the objection, the court would consider the reasons for the debtor's continued prosecution of an objection to the claim. Under the totality of the circumstances test, the court must balance the competing considerations of each particular case. Once the documentation has been provided, if the debtor lacks any other basis for prosecuting an objection to the claim, the court may find that the debtor has acted in bad faith or, in appropriate circumstances, that the debtor's attorney is subject to sanctions.

In sum, while the court would not base a determination of bad faith on a debtor's legitimate objections to claims, the court recognizes that abuse of the claims process may be an element in a pattern of conduct to consider under § 1325(a)(3). While a debtor may require a creditor to comply with the Bankruptcy Code and Rules, a debtor's over-reliance on non-substantive objections to claims may be evidence of abuse of the bankruptcy process. The court would consider the circumstances of objections to claims in the totality of the circumstances of each case. In doing so, the court will consider, among other factors, discrepancies between a debtor's objections to claims and his or her schedules, pursuit of documentation objections after cure by creditors, use of blanket objections, and frequent use of technical objections to avoid payment of undisputed scheduled debts.

## **Rule 9011**

A debtor who fails to forthrightly disclose his or her assets and liabilities faces objections to discharge, and potentially prosecution for perjury. Difficult issues arise when the debtor's sworn schedules identify a creditor and the amount of the claim, the creditor files a proof of claim that exactly matches the debtor's bankruptcy schedules, and then the Debtor objects to the claim.

*Armstrong* did not address this issue in the context of Rule 9011 with as much specificity as it addressed the "good faith" issue under § 1325. While objecting to a proof of claim may not *per se* constitute lack of good faith under § 1325, filing and prosecuting an objection to claim must also satisfy the requirements of Rule 9011.

>Rule 9011(b) of the Federal Rules of Bankruptcy Procedure (FRBP) provides:
>
>>By presenting to the court (whether by signing, filing, submitting or later advocating) a petition, pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>>>(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>>(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of exiting law or the establishment of new law;
>>>(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The *Armstrong* court declined to impose Rule 9011 sanctions even though the trustee argued that debtors' objection to claims are filed for an improper purpose when debtors actually have no dispute with the identity of the creditor or the amount of the claim. The *Armstrong* court did not deny the chapter 13 trustee's premise, but withheld imposition of sanctions stating "[t]he debtors' objections present issues in an evolving area of the law which debtors' counsel is testing for the benefit of their clients." *Id.* at 109.

The *Armstrong* opinion does not clearly delineate the boundaries of conduct, occurring subsequent to this evolution of the law, that would (or that would not) be sanctionable. At one end of the scale, *Armstrong* observed that if a debtor objected and the creditor filed the necessary documentation, the court would consider imposing sanctions on an attorney who continued to prosecute the objection nevertheless.

In the case at bar, the objection was filed even though the Debtors' schedules listed some of these claims in the same amounts that the proof of claim asserted. But whether or not a debtors schedules list the same claims in the same amounts asserted by a creditor, *Armstrong* did not address whether counsel violates Rule 9011 by filing and prosecuting an objection to claim if there is no substantive dispute about the claim and no evidence that the claim is incorrect.

FRBP 9011 requires counsel to investigate the facts prior to filing and prosecuting an objection to claim. Rule 9011 prohibits an objection to the claim unless there are facts and law to support the objection, or unless there is a belief that discovery will <u>likely</u> produce evidence to support the objection, or unless the objecting party specifically identifies information in the objection that is <u>reasonably</u> denied based on lack of information. Blanket objections not based on reasonable investigation and belief of substantive dispute would violate Rule 9011, whether or not the proof of claim has *prima facie* evidentiary status, because, as noted in *Armstrong*, a proof of claim need not be *prima facie* valid to be an allowed claim. But, like the *Armstrong* court, the Court takes no steps with respect to Rule 9011 in this case since, until now, this has been an evolving issue of law.

**<u>Other Considerations</u>**

Finally, filing hypertechnical blanket objections to claims and filing objections contrary to a debtor's judicial admissions in their bankruptcy schedules violates at least two important policies of bankruptcy law.

First, the requirements for supplements to Form 10, Proof of Claim, are established by the FRBP. Rule 3001(a) does not require "exact" compliance with the form, but "substantial" compliance with the form. And Rule 1001 states that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." An objection to a proof of claim that was based on technical defects in a proof of claim, when there was no dispute about the identity of the creditor or the amount of the claim would not be serving justice and certainly would not be reduce expenses. Objections should be filed only when there are genuine disputes.

Second, counsel who file these objections expect default disallowance of the claim if no response is filed by the creditor. But default orders are not automatic in federal court. With respect to Rule 55 of the Federal Rules of Civil Procedure, *Wright and Miller, Federal Practice and Procedure*, § 2684 states:

> The court has discretion to decide whether to enter a judgment by default, however, and Rule 55(b)(2) empowers the ... judge to hold hearings ... to aid its exercise of this discretion.

Rule 55 applies in adversary proceedings in bankruptcy court (FRBP 7055) and in contested matters like objections to claims (FRBP 9014). The Court will not award default orders disallowing a claim that the debtors have judicially admitted that they owe.[2]

FURTHER PROCEEDINGS

<u>American Express and eCast (objections ## 97, 98, 100, 101 to claims ## 11, 12, 16, 17)</u>

Because neither creditors nor the debtor have previously had guidance as to what must be

---

[2] Counsel should note that this is not an invitation for debtors not to list debts (and the amounts of debts) honestly. As noted by *Armstrong* and elsewhere in this opinion, there are severe penalties for failing to file complete and honest schedules.

included in a proof of claim, the Court will allow American Express and eCast 30 days to amend or to supplement their proofs of claim, if they desire to do so. Any amended or supplemental proofs of claim must be filed by March 27, 2006. Debtors' counsel must review those amended/supplemental proofs of claim and either withdraw the objections if the defects have been cured or amend the objections to claim to state specific objections to each claim that meet the requirements of Rule 9011. The deadline for Debtors' counsel to do so is April 19, 2006. The parties must exchange witness and exhibit lists on or before April 28, 2006. The Court will hold a hearing on May 2, 2006, at 9:30 a.m. on any remaining issues. Notice is given under FRBP 9014(e) that this will be an evidentiary hearing.

Foley's (objection ## 92, 96 to claims ## 5, 9)

After examination, the Court concludes that Foley's claim # 5 does not substantially meet the requirements stated in *Armstrong* but claim # 9 does, except with respect to the assertion that part of the claim is secured. Therefore claim # 9 is entitled to the presumption of *prima facie* evidence of validity with respect to the unsecured element of the claim, but not as to the claim of a security interest. Claim # 5 is not entitled to the presumption.

Claim # 5 is so deficient that the Court allows it no evidentiary value. Debtors' bankruptcy schedules do not admit this debt. Therefore, the claim is denied.

With respect to proof of claim # 9, the evidence at the September 29 hearing was the proof of claim and Mrs. Padilla's testimony. She testified that she had not seen the claim before. She testified that the proof of claim did not have attached any written agreement whereby she became liable for a debt to Foley's. She testified that she did not remember having signed such an agreement. That was the extent of the Debtor's testimony and the evidence introduced into evidence at the hearing.

The Court finds that this testimony is not sufficient to overcome the *prima facie* validity of the claim and therefore the objection to claim # 9 is overruled, except to the extent that it asserts a security interest.

Discover Card (objection # 95 to claim # 8)

The Discover Card claim # 8 does not precisely meet the *Armstrong* test, but substantially does. It includes a statement (although not in the form of a traditional monthly statement) showing the debtor's name, account number, and prepetition balance. It does not show an interest rate or interest computations. However, there is no indication that the claim includes interest. Box 5 on the proof of claim form is not checked to indicate that the claim includes interest. The attachment to the proof of claim form does not indicate interest charges, only a "previous balance." Debtors did not provide any evidence that the charge included interest or that the amount of the claim was disputed. Debtors listed Discover card in their schedules for exactly the same amount for which Discover listed the claim. The claim is not listed as disputed, contingent, or unliquidated.

At the September 29 hearing, Debtor testified that she reviewed documents prior to filing the objection. She testified that the proof of claim did not have attached any written agreement whereby she became liable for a debt to Discover Bank. She testified that she did not remember having signed such an agreement. Counsel asked the Court to take judicial notice of the contents of the claim. The

Debtor testified that a "regular statement" was not attached to the proof of claim, but that a summary was. On questioning from the Court, the Debtor testified that she did not know whether the Discover account was her personal account or the account of one of her corporations. She further testified that she listed both the corporate debt and her personal debts in her schedules and that when she filed her case she did not know the legal difference between corporate and personal debt.

There is obviously no dispute about the amount of the Discover debt. Debtors' counsel asked the Court to take judicial notice of the proof of claim, which the Court did. The account clearly gives an account number and the Debtor's personal name as the account holder.

Since there appears to be no genuine dispute about the debt, and because the claim is judicially admitted, the objection (docket # 95) to the Discover proof of claim (claim # 8) is overruled.

### SEPARATE ORDER

A separate order is issued this date in accordance with this memorandum.

SIGNED    February 27, 2006

*Wesley W. Steen*
_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE